**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4113**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ALEEF JAMAR NICKS, a/k/a Jamar Aleef Nicks,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00097-KDB-DCK-1)

———————

Submitted:  May 31, 2022                          Decided:  August 9, 2022

———————

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Samuel B. Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aleef Jamar Nicks pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count 1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count 2). The district court calculated Nicks' advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2018) at 92 to 115 months and sentenced Nicks to two concurrent terms of 108 months' imprisonment and two concurrent three-year terms of supervised release.

On appeal, Nicks' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether Nicks' sentence is procedurally and substantively reasonable. Nicks filed a pro se supplemental brief in which he questions whether his guilty plea was knowingly and voluntarily made and whether the district court imposed a procedurally reasonable sentence. The Government declined to file a brief and does not seek to enforce the appeal waiver in Nicks' plea agreement.[1] We affirm.

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). The Rule "sets out the information a court is to convey to ensure that a

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and Nicks and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

defendant who pleads guilty understands the consequences of the plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Because Nicks did not move in the district court to withdraw his guilty plea, the acceptance of it is reviewed for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's error. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Our review of the record leads us to conclude that the magistrate judge's omissions under Rule 11 did not affect Nicks' substantial rights. The record also reveals that the plea was supported by an independent basis in fact and that Nicks entered the plea voluntarily and with an understanding of the consequences. We reject as unsupported by the record Nicks' suggestion made in his pro se brief that he did not plead guilty knowingly and voluntarily because counsel never advised him of and never objected to the erroneous enhancement of his Sentencing Guidelines offense level. Accordingly, we discern no plain error warranting correction in the acceptance of Nicks' guilty plea.

Turning to Nicks' sentence, this court "reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir.

3

2020) (cleaned up). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). If there are no procedural errors, this court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Any sentence that is within a properly calculated Guidelines range is presumptively substantively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

After review of the record, we conclude that the district court did not reversibly err in calculating Nicks' Guidelines imprisonment range. Contrary to Nicks' suggestions made in the *Anders* and pro se briefs, the district court did not plainly err in enhancing his base offense level under USSG § 2D1.1(b)(1) and USSG § 3B1.1(b). *See United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021) (stating standard of review). The enhancement under § 2D1.1(b)(1) is supported by information in the presentence report (PSR) the district court adopted establishing that Nicks possessed a loaded firearm in connection with drug activity that was part of the same course of conduct as his offense of conviction. *See* USSG

4

§ 2D1.1(b)(1) & cmt. n.11(A); *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). Nicks did not establish that the information in the PSR was incorrect, *cf. United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011); *United States v. Randall*, 171 F.3d 195, 210-11 (4th Cir. 1999), and points on appeal to no evidence suggesting the connection between the firearm and his drug activity was "clearly improbable," *Bolton*, 858 F.3d at 912 (internal quotation marks omitted). The enhancement under § 3B1.1(b) is supported by information in the PSR the district court adopted-and which Nicks failed to show was incorrect-establishing that he supervised his girlfriend and other persons in an extensive conspiracy to distribute cocaine. *See* USSG § 3B1.1(b); *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We also discern no reversible error in the district court's remaining calculations relative to the Guidelines imprisonment range.[2]

The district court, further, afforded counsel an adequate opportunity to argue for an appropriate sentence, properly heard allocution from Nicks, and properly heard statements from Nicks' supporters. After considering the argument and these statements, the advisory Guidelines range, and the 18 U.S.C. § 3553(a) factors, the district court determined that concurrent prison terms of 108 months were warranted based on the nature and circumstances of Nicks' offense conduct, his history and characteristics, and the needs for

---

[2] Because the district court did not reversibly err in calculating Nicks' 92-to-115-month Guidelines imprisonment range—the range the PSR calculated for count 1 and concluded was the applicable Guidelines range for Nicks—counsel's challenge in the *Anders* brief to a proposal in the PSR that the court apply an enhancement under USSG § 2D1.1(b)(6) to count 2 fails. The district court did not adopt that proposal in calculating Nicks' Guidelines imprisonment range.

the sentence imposed to promote respect for the law, to reflect the seriousness of Nicks'

offense, to afford adequate deterrence to criminal conduct, and to protect the public from

further crimes by Nicks, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(C).   The district court's

explanation—which, contrary to counsel's suggestion in the *Anders* brief, makes plain the

court considered the § 3533(a) factors—was sufficient to support the imposition of these

terms, and Nicks does not overcome the presumption of reasonableness afforded to them.

We thus discern no abuse of discretion in the district court's imposition of the 108-month

prison terms.

Turning to the three-year terms of supervised release, we review the reasonableness

of these terms for plain error.  *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422

(4th Cir. 2015).   The district court did not err in calculating Nicks' supervised release

Guidelines sentence and range and did not plainly err in its consideration of the § 3553(a)

factors supporting its sentencing decision.   The court's comments sufficiently reveal the

basis for the terms it imposed, and Nicks proffers no argument suggesting that the

within-Guidelines supervised release terms are unreasonable when measured against the

§ 3553(a) factors.   He thus fails to establish plain error in his three-year terms of supervised

release.

In accordance with *Anders*, we also have reviewed the remainder of the record and

have found no meritorious issues for appeal.  We therefore affirm the criminal judgment.

This court requires that counsel inform Nicks, in writing, of the right to petition the

Supreme Court of the United States for further review.  If Nicks requests that a petition be

filed, but counsel believes that such a petition would be frivolous, then counsel may move

6

in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Nicks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*